UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ZEBA ELLIKKA,

      Plaintiff,

    v.

MICHAEL G. BENNETT, *et al.*,

      Defendants.

26-CV-6279-MAV

DECISION & ORDER

---

On March 10, 2026, Plaintiff Zeba Ellikka filed a verified complaint against Defendants Michael G. Bennett, Ricky Carl Bennett, and Cynthia Olivette Bennett seeking, among other things, specific performance by the Defendants of their financial support obligations under their Form I-864 affidavit. ECF No. 3. Plaintiff also filed a motion for a preliminary injunction seeking temporary financial support. ECF Nos. 9–10. The following month, Defendants filed a cross motion asking the Court to abstain from hearing this case while proceedings continued in New York State Family Court. ECF No. 20. For the reasons discussed below, Defendants' cross motion for abstention [ECF No. 20] is denied, and Plaintiff's motion for preliminary injunctive relief [ECF No. 9] is denied without prejudice.

**BACKGROUND**

**I. Legal Framework**

Another court in this Circuit has concisely summarized "the statutory and legal framework" structuring the issues before the Court in this case:

Federal law prohibits a citizen of the United States from sponsoring for admission to the country any non-citizen who "is likely at any time to

become a public charge." 8 U.S.C. § 1182(a)(4)(A). A person who sponsors his non-citizen spouse or fiancée for admission must therefore execute an Immigration Services Affidavit of Support, Form I-864, 8 C.F.R. § 213a.2(a), (b), in which "the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable," 8 U.S.C. § 1183a(a)(1)(A).

The Form I-864 forms a legally binding and enforceable contract between the sponsor executing the form and the sponsored immigrant. *Cheshire v. Cheshire*, 05-cv-00453 (TJC) (MCR), 2006 WL 1208010, at *3 (M.D. Fla. May 4, 2006). Indeed, the Immigration and Nationality Act explicitly states that the Affidavit of Support is "legally enforceable against the sponsor by the sponsored alien." 8 U.S.C. § 1183a(a)(1)(B). A sponsor's obligations under Form I-864 may be terminated in five specific circumstances, but not as a result of divorce or divorce proceedings. *See Shumye v. Felleke*, 555 F. Supp. 2d 1020, 1024 (N.D. Cal. 2008) (explaining that obligations terminate if "(1) the sponsor dies, (2) the sponsored immigrant dies, (3) the sponsored immigrant becomes a U.S. citizen, (4) the sponsored immigrant permanently departs the U.S., or (5) the sponsored immigrant is credited with 40 qualifying quarters of work").

*Levin v. Barone*, No. 14-CV-673 (AJN), 2018 WL 1626526, at *1 (S.D.N.Y. Mar. 29, 2018), *aff'd*, 771 F. App'x 39 (2d Cir. 2019).

With respect to the Form I-864 support obligations, 8 U.S.C. § 1183a(f) allows for multiple sponsors subject to joint and several liability where the individual sponsoring his non-citizen spouse or fiancée for admission cannot himself demonstrate the means to maintain an annual income equal to at least 125 percent of the Federal poverty line. Further, § 1183a(c) and (e) authorize actions to enforce the Form I-864 support obligations against the sponsor(s) in "any appropriate court."

## II. Factual Background

On November 19, 2022, Plaintiff, who was born in India but came to the United States on a student visa, married Defendant Michael Bennett, a United States citizen. ECF Nos. 3-1, 3-2. In March 2023, Michael completed a Form I-130 petition for alien

relative disclosing the marriage to United States Citizenship and Immigration Services ("USCIS"), and Plaintiff filed a Form I-485 application to adjust her immigration status accordingly to that of a lawful permanent resident. ECF Nos. 3-2, 3-3. In addition, Michael and his parents, Defendants Ricky and Cynthia Bennett, each completed a Form I-864, under which they assumed joint and several liability to "provide the intending immigrant [i.e., Plaintiff] any support necessary to maintain . . . her at an income that is at least 125 percent of the Federal Poverty Guideline." *See, e.g.,* ECF No. 3-5 at 6 (Ricky's signed Form I-864); *see also* 8 U.S.C. § 1183a(f) (allowing for multiple sponsors with joint and several liability). Plaintiff's application was subsequently granted, and she became a "permanent resident." ECF No. 3-7. Plaintiff has since filed a Form I-751 petition to remove conditions on her status. ECF No. 3-8.

Plaintiff's and Michael's first child was born in July 2024, and their second child in October 2025. ECF No. 20-2 ¶ 2. In July 2025, Michael moved out of the marital home and shortly thereafter commenced an action in New York state court for divorce and custody of the children. *Id.* ¶ 3. Plaintiff was not employed at the time Michael moved out, and Michael paid $1,434 in child support each month through March 2026, as well as the rent, the electric bill, and the bill for internet service at the marital home. ECF No. 22-2 ¶ 2, 6–7. Plaintiff also receives $375 each month in public assistance. *Id.* ¶ 5. Plaintiff states that she has not received any financial support from any of the Defendants since March 31, 2026. *Id.* ¶ 11.

As part of the state court proceedings, Plaintiff attempted to enforce Defendants' joint and several obligations under their respective Form I-864 contracts. ECF No. 9-4. However, the state court found that her action in that regard was in substance a contract

claim not properly before the court, dismissed the claim without prejudice, and noted that Plaintiff "retain[ed] the right to pursue any contractual remedies arising from the [F]orm I-864 in a separate civil action in a court of competent jurisdiction." *Id.*

Subsequently, Plaintiff commenced the instant action on March 10, 2026, seeking to enforce the support obligations in the Form I-864 contract. ECF No. 1. At the same time, she filed the motion for a preliminary injunction presently before the Court, asking the Court to compel Defendants to provide monthly support payments to keep Plaintiff at 125 percent of the Federal Poverty Guidelines, as required by the Form I-864. ECF No. 9. Defendants ask the Court to abstain from this case while the state court divorce and custody proceedings are ongoing. ECF No. 10.

## DISCUSSION

### I. Abstention

Before evaluating Plaintiff's motion for a preliminary injunction, the Court must address Defendants' argument that both the *Younger* and the *Colorado River* abstention doctrines warrant the Court's abstention in this case until the divorce and custody proceedings have been resolved in state court. ECF No. 20-1 at 6–8. The Court agrees with Plaintiff that neither doctrine applies to warrant abstention at this stage.

*Younger* abstention is not a constitutional (Article III) requirement, but a "prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity." *Spargo v. New York State Com'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (discussing the principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971)). The *Younger* abstention doctrine requires federal courts to abstain from jurisdiction "whenever federal claims have been or could be presented in ongoing state

4

judicial proceedings that concern important state interests." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984). "Accordingly, *Younger* abstention 'does not apply when a plaintiff's federal claims cannot be presented in pending state proceedings.'" *Donohue v. Mangano*, 886 F. Supp. 2d 126, 141 (E.D.N.Y. 2012) (quoting *Tellock v. Davis*, No. 02 Civ. 4311, 2002 WL 31433589, at *4 (E.D.N.Y. Oct. 31, 2002)).

Under the facts of the present case, whether *Younger* abstention is indeed applicable turns on whether the state court proceedings afford Plaintiff an opportunity for review of her claim under 8 U.S.C. § 1183a for enforcement of Defendants' Form I-864 support obligations. Here, the state court has clearly stated that it will not consider Plaintiff's § 1183a claim. ECF No. 3-9. Therefore, *Younger* abstention is not warranted. *See, e.g., Pavlenco v. Pearsall*, No. 13-CV-1953 JS AKT, 2013 WL 6198299, at *3 (E.D.N.Y. Nov. 27, 2013) (declining to apply *Younger* despite pending divorce proceedings, where Plaintiff did not seek to enforce Form I-864 support obligations through those proceedings).

For similar reasons, the Court finds that *Colorado River* abstention is also unwarranted. When it comes to questions of state-federal concurrent jurisdiction, the Second Circuit has routinely repeated the Supreme Court's dictum that "the virtually unflagging obligation" of the federal courts to exercise the jurisdiction given them is such that "'[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). Abstention is appropriate "only in

5

'exceptional circumstances,' where the resolution of existing concurrent state-court litigation could result in 'comprehensive disposition of litigation.'" *Woodford*, 239 F.3d at 522 (quoting *Colorado River*, 424 U.S. at 817).

As noted, the state court here has expressly stated that it will not consider Plaintiff's § 1183a claims. ECF No. 3-9. Consequently, it is clear that the state court litigation will not result in a "comprehensive disposition of litigation" and *Colorado River* abstention is not appropriate.

Defendants' request that this Court abstain from this case until the resolution of state court divorce and custody proceedings [ECF No. 20] is therefore denied. As Defendants have also filed an answer in the instant case, the matter will be referred by separate order to a United States Magistrate Judge for pre-trial case management.

## II. Preliminary Injunction

Plaintiff maintains that she is entitled to a preliminary injunction compelling Defendants to fulfill their Form I-864 support obligations during the pendency of this action. ECF No. 9. In support of her position, Plaintiff declares that without additional support, she "will not have money to pay for rent, . . . food, and basic necessities . . . ." ECF No. 9-1 ¶ 15. She also declares that she will be "unable to maintain basic subsistence," and "face the risk of further financial instability . . . and potential long-term harm." *Id.* ¶¶ 12–13. She states that "[t]hese harms cannot be remedied later by monetary damages alone because they affect [her] day-to-day survival and well-being." *Id.* ¶ 14. Defendants oppose Plaintiff's application on multiple grounds, including that she cannot show irreparable harm because she has "repeatedly rebuffed Defendants' requests to engage in a settlement discussion . . . in which they made clear that they

were willing to pay interim support in order to avoid this litigation . . . ." and has blocked some of Michael's attempts to make support payments. ECF No. 20-1 at 9.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Krick v. Town of Lyons, New York*, No. 24-CV-06178 EAW, 2024 WL 2240088, at *5 (W.D.N.Y. May 17, 2024) (quoting *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 511 (2d Cir. 2005)). A district court may grant a preliminary injunction when the movant demonstrates:

> (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest.

*North American Soccer League, LLC v. United States Soccer Fed'n*, 883 F.3d 32, 37 (2d Cir. 2018). The Court "has wide discretion in determining whether to grant a preliminary injunction[.]" *Moore*, 409 F.3d at 511.

Irreparable harm "is the single most important prerequisite for the issuance of a preliminary injunction" and "must therefore be satisfied before the other requirements for an injunction can be considered." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 80 (2d Cir. 2024) (internal quotation marks omitted). "To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation. And, irreparable harm must be shown to be actual and imminent, not remote or speculative." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (internal citations and

quotations omitted).

In the instant case, Plaintiff asks that "the Court order Defendants to provide temporary financial support during the pendency of this action." However, irreparable harm, by definition, is an "injury for which a monetary award cannot be adequate compensation." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). Although Plaintiff's declaration in support of her motion for a preliminary injunction speculates that without the requested relief she will not be able to pay her rent or afford food, Plaintiff does not make a clear showing of "actual and imminent" irreparable harm. She does not claim or provide evidence that she is in danger of eviction, that she has not been able during the pendency of this action to afford food or the basic necessities for herself or her children, or that she is otherwise facing imminent harm. As a result, Plaintiff's motion for a preliminary injunction (ECF No. 9) is denied without prejudice.

## CONCLUSION

Consistent with the foregoing discussion, Defendants' motion for abstention [ECF No. 20] is DENIED, and Plaintiff's motion for a preliminary injunction [ECF No. 9] is DENIED without prejudice.

SO ORDERED.

Dated:        August  13 , 2026
              Rochester, New York

                                        HON. MEREDITH A. VACCA
                                        United States District Judge

8